IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00083-LTB-MJW

DEER CREEK DEVELOPMENT, LLC,

    Plaintiff,

v.

KI SANG KIM, and
CENTRAL ESCROW, INC.,

    Defendants.

_____

ORDER
_____

The defendant Ki Sang Kim contracted with the plaintiff, Deer Creek Development, LLC ("Deer Creek"), to purchase from Deer Creek a hotel in Denver, Colorado. The defendant Central Escrow, Inc. ("Central") agreed to hold in escrow, pending consummation of the deal, $210,000 in earnest money that Mr. Kim was to provide. Mr. Kim wrote to Central a check in that amount, which was presently returned to Central for insufficient funds. Mr. Kim did not purchase the hotel and forfeited the earnest deposit, whereupon Central revealed to Deer Creek that it possessed no funds and thus could not relinquish the money.

Deer Creek sued Mr. Kim and Central in Colorado state court, pressing claims against Mr. Kim for breach of contract and misrepresentation; against Central for breach of fiduciary duty; and against both defendants for concealment, negligent misrepresentation, and negligence. The defendants removed here and now move, in the alternative, for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) or transfer to the Federal District Court for the Central District of California pursuant

to 28 U.S.C. § 1404(a).  The motions are adequately briefed and oral argument would not materially aid their resolution.  For the reasons stated below, I DENY both motions.

**I. Motion to dismiss**

Mr. Kim and Central both reside in California and neither conducts business in Colorado. Deer Creek does not argue that I have general personal jurisdiction over the defendants. However, the parties do not dispute that Mr. Kim contracted with Deer Creek to purchase real property located in Colorado, agreed that the contract would be governed by Colorado law, communicated in furtherance of the transaction with a Deer Creek representative located in Colorado, and traveled to Colorado to view the hotel in anticipation of closing.  These activities constituted purposeful availment sufficient to subject Mr. Kim to specific personal jurisdiction in this case.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *Van Schaack & Co. v. District Court*, 538 P.2d 425, 426 (Colo. 1975).

Central argues that it accomplished any tortious conduct in California, where it was supposed to have received from Mr. Kim, retained in its accounts, then relinquished to Deer Creek the earnest money.  However, the gravamen of Deer Creek's misrepresentation claims is that Central had a duty to disclose to Deer Creek the failure of Mr. Kim's negotiable instrument. This duty it allegedly breached when it communicated with Michael Block, a principal of and real estate agent for Deer Creek residing in Colorado, concerning aspects of the transaction without revealing the absence of escrowed funds.  Mr. Kim was obligated to complete the earnest deposit on July 19, 2005.  Facsimile and electronic mail communications from Central to Mr. Block throughout July, August, and October, 2005, allegedly made no mention of Mr. Kim's failure. Misrepresentations received in Colorado subject the communicating party to specific personal

jurisdiction in Colorado to answer claims premised upon those misrepresentations. *Broadview Financial, Inc. v. Entech Management Services Corp.*, 859 F. Supp. 444, 448 (D. Colo. 1994); *Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 236 (Colo. 1992).

**II.  Motion to transfer**

Central and Mr. Kim bear the burden of demonstrating that Colorado is an inconvenient forum. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). The Tenth Circuit has explained how to weigh the inconvenience.

> Among the factors a district court should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516.

Deer Creek's choice of venue carries considerable weight and, unless the balance of inconvenience is strongly in the defendants' favor, should not be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. *Id*. at 966.

The defendants' proffer in favor of transfer at best weighs equally with the reasons for denying the motion. The defendants reside in California, as does Mr. Kim's real estate agent, a potential witness. However, Deer Creek is a Colorado limited liability company, and Mr. Block, its principal, real estate agent, and potential witness, resides in Colorado. Though two other Deer Creek principals reside in California, they have chosen Colorado as their preferred venue. Though

3

Central and Mr. Kim are alleged to have performed their tortious acts in California, the purchase and sale agreement is governed by Colorado law. Deer Creek will have to enforce any favorable judgment in California, but neither party suggests that obstacle will prove insuperable and, significantly, Deer Creek has chosen the course for itself. Because the balance of inconvenience is not strongly in the defendants' favor, I do not disturb Deer Creek's choice of venue.

Accordingly, it is ORDERED that:

1) the defendants' motion to dismiss [6] is DENIED; and

2) the defendants' motion for transfer [7] is DENIED.

Dated: May   1  , 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge