IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00083-LTB-MJW

DEER CREEK DEVELOPMENT, LLC,

      Plaintiff,

v.

CENTRAL ESCROW, INC.,

      Defendant,

KI SANG KIM,

      Defendant and Third Party Plaintiff,

v.

COLDWELL BANKER RESIDENTIAL REAL ESTATE and STEVE CHANG,

      Third Party Defendants.

---

## ORDER

---

The defendant Ki Sang Kim contracted with the plaintiff, Deer Creek Development, LLC ("Deer Creek"), to purchase from Deer Creek a hotel in Denver, Colorado. The defendant Central Escrow, Inc. ("Central") agreed to hold in escrow, pending consummation of the deal, $210,000 in earnest money that Mr. Kim was to provide. Mr. Kim wrote to Central a check in that amount, which was presently returned to Central for insufficient funds. Mr. Kim did not purchase the hotel and forfeited the earnest deposit, whereupon Central revealed to Deer Creek that it possessed no funds and thus could not relinquish the money.

This lawsuit followed.  In supplemental disclosures, Deer Creek for the first time revealed its intention to seek from Mr. Kim treble damages under the Colorado unpaid check statute, Colo. Rev. Stat. § 13-21-109.  Mr. Kim moves to strike this item of damages or, alternatively, for summary judgment on the bad check claim.  The motion is adequately briefed and oral argument would not materially aid its resolution.  For the reasons stated below, I GRANT the motion.

Two issues present themselves.  First, both the claim and the motion come to me on unusual procedural postures.  Second, Mr. Kim disputes that Deer Creek has standing to pursue a claim under the statute.  I address each in turn.

## I.  Procedure

Deer Creek did not in its complaint assert a bad check claim under Colo. Rev. Stat. § 13-21-109.  It nevertheless asserts that its allegations put Mr. Kim on notice of this damages theory and that a separate claim is not necessary; it is enough to pursue treble damages as an item of damages within its "civil claims having to do with the bad check."  Response to Motion to Strike Item of Damages or in the Alternative Motion for Partial Summary Judgment, 5.

The irregularities do not end there.  Mr. Kim styles his motion as a "Motion to Strike Item of Damages or in the Alternative Motion for Partial Summary Judgment."  It is not clear how I might strike from the complaint something that does not appear in it.  Furthermore, Mr. Kim has made no attempt to demonstrate the absence of disputed, material facts under Rule 56.  He has produced no interrogatories, admissions, affidavits, or the like.  Fed. R. Civ. P. 56(c).  Instead, I have available only the pleadings and scant materials that Deer Creek provides in opposition to the motion.

Because the parties do not dispute the material facts, recited above, I will treat the motion

2

as a motion for summary judgment, despite the dearth of evidentiary materials.  I will assume,

without deciding, that the complaint includes a claim for treble damages under the statute.

## II.  Holder of the check

The statute provides, *inter alia*,

Any person who obtains money, merchandise, property, or other thing of value, or who makes any payment of any obligation other than an obligation on a consumer credit transaction as defined in section 5-1-301, C.R.S., by means of making any check, draft, or order for the payment of money upon any bank, depository, person, firm, or corporation which is not paid upon its presentment is liable to the holder of such check, draft, or order or any assignee for collection for one of the following amounts, at the option of the holder or such assignee: ... three times the face amount of the check but not less than one hundred dollars.

Colo. Rev. Stat. § 13-21-109(1) & (2)(a).

Deer Creek concedes that it is not the "holder of such check" for purposes of the statute.

However, it asserts that Central has made no effort to collect the amount of the check and argues

that it is therefore entitled to pursue the matter in Central's stead.  This is an attractive argument,

but ultimately wrong.  The statute is clear: Mr. Kim is liable, if at all, to Central, the holder of the

check.  Deer Creek is not without recourse, however.  The remedy is a claim against Central for

breach of fiduciary duty, which Deer Creek presses.

This result also follows from the observation of the Colorado Court of Appeals that the

treble damages provision constitutes a penalty, and is not intended merely to compensate the

holder or assignee of a dishonored check.  *Group, Inc. v. Spanier*, 940 P.2d 1120, 1123 (Colo.

Ct. App. 1997); *Edmonds v. Western Sur. Co.*, 962 P.2d 323, 327 (Colo. Ct. App. 1998).  The

purpose of the provision is to discourage bad checks.  *Spanier*, 940 P.2d at 1122.  Deer Creek has

no entitlement to a tripling of its actual damages for the simple reason that it possesses no right to

see Mr. Kim punished for his dereliction of the duty he owed to Central.


Accordingly, it is ORDERED that:

1) the motion for partial summary judgment [46] is GRANTED; and

2) Deer Creek's claim for treble damages pursuant to Colo. Rev. Stat. § 13-21-109 is

DISMISSED.


Dated: February  28 , 2007, in Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge